Argued and submitted January 7, reversed and remanded for new trial
February 27, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# MARVIN RICHARD LEATHERS,
*Appellant.*

(10-89-07022C; CA A64702)

806 P2d 718

Robert J. McCrea, Eugene, argued the cause for appellant. With him on the brief was Robert J. McCrea, P.C., Eugene.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992(4). He assigns error to the denial of his motion to suppress evidence seized pursuant to a search warrant. We reverse.

Defendant was a visitor on premises that were being searched pursuant to a search warrant. The police searched defendant's vehicle and found the methamphetamine that was the basis of this prosecution. He contends that the affidavit in support of the warrant failed to set forth probable cause for searching his vehicle and that the search warrant failed to particularly describe his vehicle as required by Article I, section 9, of the Oregon Constitution and ORS 133.565(2)(b).[1] The warrant provides, in part:

> "Information on oath having this day been laid before me that the evidence of the Crime of Unlawful Manufacturing of the Controlled Substance - methamphetamine may be found at the mobile home and out buildings [sic] located .8 miles north of Highway 58 on the Springfield/Creswell Highway, Pleasant Hill, Lane County, Oregon. The property sets [sic] on the east side of the highway and there is a mailbox at the entrance of the drive way with the name 'PIERCE' on it. There is a large barn behind the residence as well as other out buildings [sic]. There is also a shop building located by the residence and the person(s) of those found at, or to be in control of, or reside at the above described premises and the vehicles owned and/or stored on the premises by those person(s).

> "This evidence is to include methamphetamine, packaging materials, scales, diluting agents, recipes, books pertaining to the manufacturing of methamphetamine, receipts, chemicals and glassware used in the manufacturing of methamphetamine, PH meters or paper, vacuum pumps, aluminum foil, heating mantels, spoons, records of such crimes, currency derived from the sales of methamphetamine and evidence leading to the identity of those that possess and deliver methamphetamine, to include operator[']s licenses,

---

[1] ORS 133.565(2)(b) provides:

"The warrant shall state, or describe with particularity:

"* * * * *

"(b) The name of the person to be searched, or the location and designation of the premises or places to be searched."

letters, credit cards, utility bills, photographs, other written materials, computer records, fingerprints and the persons that are found at the above described premises.

"You are therefore hereby commanded to search the above described premises, its curtilage, out buildings [*sic*], vehicles and the persons of those found at the above described premises, for the above described evidence."

The warrant was issued on the basis of an affidavit of an officer who said that he had received information about a methamphetamine laboratory from Mitchell Green, after Green had been charged with possession of methamphetamine. Green told the affiant that a methamphetamine laboratory was located on property occupied by Greg and Linda Pierce and their three small children, who lived in a mobile home on the property. Adjacent to it was a shop, and behind it was a barn. Green had seen barrels of chemicals and glassware inside the barn and shop area that could be used to manufacture methamphetamine. Green said that he had known Greg Pierce for over five years and that Greg had been making methamphetamine on his property for the past two years. Green had been to the laboratory over 20 times and had seen the "cooking" stage at least four times. He had seen the laboratory about two weeks before the affidavit was drafted. The only reference to any vehicles in the affidavit was:

"I also know that large sums of currency are applicable to the prosecution of those that manufacture controlled substances. Often times those person(s) that possess controlled substances keep the controlled substances, currency derived from the sales of controlled substances and items of identification about their person. Frequently they will transport and store controlled substances in vehicles in their possession."

In *State v. Ingram,* 104 Or App 389, 802 P2d 656 (1990), we held that a warrant containing a general description may be sufficient under ORS 133.565(2)(b), if the supporting affidavit indicates that probable cause exists for the search of those persons or places generally described. Here, the warrant does not refer to defendant, to his vehicle or to any specific vehicle. Instead, it refers to the vehicles owned or stored on the premises by those persons "found at, or to be in control of, or reside at the above described premises." That description is general in nature, and the search of defendant's

vehicle is valid only if probable cause exists to search vehicles belonging to all people "found" on the premises.

The only reference in the affidavit to vehicles is that "[f]requently [persons who are involved in the manufacture or possession of controlled substances] will transport and store controlled substances in vehicles in their possession." There is nothing to indicate that vehicles of persons visiting the residence would contain evidence of the manufacture or sale of the drug. Here, unlike in *Ingram,* the affidavit does not contain any averments of fact that would give rise to an inference of continuous drug selling activities on the premises.[2] The affidavit focuses on the manufacture of methamphetamine on the Pierce property by residents of the property. The only averment regarding sale is that, in the past, Green had purchased methamphetamine from Greg. It does not say that the sale took place on the premises, which included a family residence. The affidavit does not indicate that the methamphetamine laboratory was located at the house.

The affidavit does not establish probable cause to search every vehicle found on the premises. Therefore, the search of defendant's vehicle was invalid, and evidence obtained by the search should have been suppressed.

Reversed and remanded for a new trial.

---

[2] In *Ingram,* the affiant averred that five to seven thousand dollars a week in drug transactions involving many persons had occurred on the premises. Those facts gave rise to a reasonable inference that any person frequenting the premises was involved in the illegal activity.